UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. EV 01-03-CR-01-Y/H |
| | ) | No. 3:04-cv-0037-RLY-WGH |
| MARK A. LANE, | ) | |
| | ) | |
| Defendant. | ) | |

### Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255

Mark Lane's motion for relief pursuant to 28 U.S.C. § 2255 is **denied** and this action must be dismissed with prejudice. This disposition is compelled by the following facts and circumstances:

1.  "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). The court accepted Lane's plea of guilty after a probing inquiry in full conformity with the requirement of Rule 11 of the *Federal Rules of Criminal Procedure*. His guilty plea was voluntarily and knowingly entered. This satisfies the requirement of constitutional due process. *North Carolina v. Alford,* 400 U.S. 25, 31 (1970) ("The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant").  Not only was Lane's guilty plea valid, but he cannot through whim retreat from it. "A plea of guilty is a 'grave and solemn act.'" *United States v. Loutos,* 383 F.3d 615, 619 (7th Cir. 2004) (quoting *United States v. Ellison,* 798 F.2d 1102, 1106 (7th Cir.), *cert. denied* 479 U.S. 1001 (1986)). "'Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard.'" *Id.* (quoting *United States v. Stewart,* 198 F.3d 984, 987 (7th Cir. 1999)).

2.  Lane seeks relief on the ground that his attorney was ineffective in failing to negotiate a guilty plea. The record shows otherwise, this being that his attorney had negotiated a favorable plea for Lane, but Lane rejected it, and that Lane was not prejudiced in any fashion by his attorney's efforts to obtain a more favorable outcome. *Gallo-Vasquez v. United States,* 2005 WL 736261(7th Cir. April 1, 2005) (a showing of prejudice is required to establish the ineffective assistance of counsel; this means that a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,'" and "'[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'")(quoting *Strickland v. Washington,* 466 U.S. 668, 694 (1984)); *Berkey v. United States,* 318 F.3d 768, 773 (7th Cir. 2003) (a petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance).

3. Lane claims that the Sentencing Guidelines were improperly applied through the computation of his offense level. Virtually every aspect of Lane's sentence computation was challenged in his direct appeal and was decided adverse to his position. *United States v. Lane,* 52 Fed.Appx. 838 (7th Cir. December 2, 2002). Those matters cannot be relitigated here.

4. Relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991). Lane has not made a showing warranting relief, and his motion pursuant to 28 U.S.C. § 2255 must therefore be denied. No evidentiary hearing is warranted. *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976). Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 06/16/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana